**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

|  | Case No. 2:12-CV-00574-VEB |
| --- | --- |
| JOHN SANTIAGO DIEGO, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In October of 2009, Plaintiff John Santiago Diego applied for Supplemental

Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under

the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Rebecca Mary Coufal, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On January 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 20).

## II. BACKGROUND

The procedural history may be summarized as follows:

On October 7, 2009, Plaintiff applied for SSI benefits and DIB, alleging disability beginning July 1, 2002. (T at 137-40, 141-43).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On March 24, 2011, a hearing was held before ALJ Mattie Harvin-Woode. (T at 27).  Plaintiff appeared with an attorney and testified. (T at 31-55). The

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

ALJ also received testimony from Mark Harrington, a vocational expert. (T at 55-63).

On April 25, 2011, ALJ Harwin-Woode issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 8-26).   The ALJ's decision became the Commissioner's final decision on September 20, 2012, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On October 16, 2012, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on December 21, 2012. (Docket No. 10).

Plaintiff filed a motion for summary judgment on May 6, 2013. (Docket No. 15).  The Commissioner moved for summary judgment on July 17, 2013. (Docket No. 19).  As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 6).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

# III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

## C.   Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2002, the application date, and met the insured status requirements of the Social Security Act through September 30, 2008. (T at 13). The ALJ determined that Plaintiff's blindness of the right eye and "panic disorder vs. post-traumatic stress disorder"[2] were "severe" impairments under the Act. (Tr. 13-14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14-16).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than medium work, as defined in 20 CFR § 416.967 (c), except that he could not climb ladders/ropes/scaffolds and must avoid hazards and working outdoors in the wind. In addition, the ALJ noted that Plaintiff's depth perception is limited and he can only perform occasional reading of fine print.  However, the ALJ found that Plaintiff can navigate through the workplace.  The ALJ determined that Plaintiff is limited to occasional and superficial contact with the general public and cannot work in large crowds. (T at 16-21).

---

[2] This rather unorthodox formulation is the actual wording used in the ALJ's decision.

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

The ALJ found that Plaintiff could not perform his past relevant work as a superintendent project engineer, construction supervisor, or general contractor. (T at 21). However, considering Plaintiff's age (39 years old on the alleged onset date), education (high school), and RFC (less than medium work, with non-exertional limitations as outlined above), the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 21-22).

As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from July 1, 2002 (the alleged onset date), through April 25, 2011 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 33). As noted above, the ALJ's decision became the Commissioner's final decision on September 20, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed. He offers three (3) main arguments in support of this position. First, Plaintiff challenges the ALJ's assessment of the medical evidence. Second, Plaintiff contends that the ALJ did not adequately develop the medical record concerning his vision impairment. Third, he argues that the ALJ's step five analysis was flawed. This Court will address each argument in turn.

1.        **Assessment of Medical Evidence**

Plaintiff points to reports provided by Dr. Steven Johansen and Dr. N.K. Marks and contends that the ALJ erred in failing to give appropriate weight to these medical opinions.

As a threshold matter, the ALJ cannot be faulted for failing to consider these medical reports, as they were submitted to the Appeals Council *after* the ALJ's decision. (T at 628-58).  This Court will, however, consider whether the ALJ's decision is supported by substantial evidence in light of the full record, including the documents submitted to the Appeals Council.

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b).  The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, where, as here (T at 4-5),  the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the administrative record including the ALJ's decision and the new

evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

The federal courts do not have jurisdiction to review the Appeals Council's decision to deny the claimant's request for review because it is not a "final decision" by the Commissioner.  Rather, Federal Courts may look only to whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

For the following reasons, this Court finds it reasonably probable that the new evidence would change the outcome of the ALJ's decision.  In particular, the ALJ's assessment of Plaintiff's ability to perform the mental demands of basic work activity is undermined by the additional evidence submitted to the Appeals Council.

In assessing the severity of Plaintiff's mental health impairments, the ALJ found that Plaintiff had "no restriction" with regard to activities of daily living and cited a "lack of evidence in the record" of any limitation in this regard. (T at 15).

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

The ALJ assessed "moderate difficulties" as to social functioning and "mild difficulties" with respect to maintaining concentration, persistence, or pace. (T at 15).  The ALJ relied heavily on a consultative psychiatric examination completed by Dr. Patricia Lipscomb in August of 2006.  Dr. Lipscomb reported that Plaintiff experienced anxiety, especially in crowded places, and had occasional bouts of depression. (T at 226-27).  At that point, Plaintiff was not receiving any mental health treatment. (T at 227).  Dr. Lipscomb diagnosed panic disorder and post-traumatic stress disorder. (T at 230, 231).  She assigned a Global Assessment of Functioning ("GAF") score[3] of 60-65 (T at 230), which is indicative of moderate to mild symptoms or difficulty in social, occupational or education functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).  Dr. Lipscomb recommended antidepressant medication and psychotherapy. (T at 231).  She opined that, with such treatment, Plaintiff's "prognosis for return to work [was] very good." (T at 232).

The ALJ noted the lack of evidence that Plaintiff followed Dr. Lipscomb's treatment recommendations and concluded that this "suggest[ed] that the mental symptoms may not have been as serious as . . . alleged . . . ." (T at 20).  However,

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

the ALJ did not ask Plaintiff for an explanation regarding his apparent failure to follow the treatment recommendations.  During the administrative hearing, Plaintiff offered, at his own initiative, that he was not taking medication for his mental health problems because of an insurance issue. (T at 60).  The ALJ does not appear to have considered this explanation.

This was error under SSR 96-7p.  Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."SSR 96-7p*; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

An ALJ's duty to develop the record in this regard is significant because there are valid reasons why a claimant might not follow a treatment recommendation. For example, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id*.  Further, as a general

matter, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

In addition, the evidence submitted to the Appeals Council provides a further basis for revisiting the ALJ's assessment of Plaintiff's mental health limitations. In June of 2011, Dr. Steven Johansen, a clinical psychologist, diagnosed anxiety disorder NOS and dysthymic disorder. (T at 631). He opined that Plaintiff had no limitation as to his ability to understand, remember, and persist in tasks with simple instructions and moderate limitations with respect to learning new tasks and performing routine tasks without undue supervision. (T at 631). However, Dr. Johansen found marked limitations as to communicating and performing effectively in work settings with limited public contact and maintaining appropriate behavior in a work setting. (T at 632). He assigned a GAF score of 45 (T at 631), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

Dr. Johansen reported that Plaintiff was homeless and living in his car or with friends. (T at 631). He recommended outpatient counseling and described Plaintiff's prognosis as "fair" with treatment. (T at 632).

In June of 2012, Dr. N.K. Marks, a licensed psychologist, completed a psycho-diagnostic evaluation. Plaintiff was reported to be living in a motor home with his girlfriend. (T at 652). Dr. Marks described Plaintiff's effort during the evaluation as "good" with no indication of symptom exaggeration or malingering. (T at 653). Dr. Marks noted symptoms of depression, panic disorder with agoraphobia, and post traumatic stress disorder. (T at 655). Dr. Marks described Plaintiff's prognosis as "guarded" and opined that "it would be extremely difficult for him to maintain any sort of employment due to his lack of vision, and his extreme anxiety with leaving his home." (T at 656). Dr. Marks believed that Plaintiff would be "extremely uncomfortable and fearful" in unfamiliar environments and "likely to suffer panic attacks and an overwhelming urge to flee the situation." (T at 656). Dr. Marks assigned a GAF score of 45 (T at 655), which (as noted above) is indicative of serious impairment in social, occupational or school functioning. *Onorato*, 2012 U.S. Dist. LEXIS 174777, at *11 n.3.

This new evidence creates a reasonable possibility that the ALJ would reach a different decision if given the opportunity to consider it. Two medical experts

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

examined Plaintiff and assessed serious limitations, questioning his ability to perform the mental demands of basic work activity, and bolstering his claims of disabling depression and anxiety.

Although these opinions were rendered after the ALJ's decision, both doctors linked Plaintiff's mental health issues to the construction accident that caused Plaintiff to lose vision in his right eye and neither suggested that the symptoms represented new or aggravated conditions outside the relevant time-frame. (T at 629, 655).

Moreover, medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007) (noting that "reports containing observations made after the period for disability are relevant to assess the claimant's disability"). Medical opinions "are inevitably rendered retrospectively," and thus "should not be disregarded solely on that basis." *Smith*, 849 F.2d at 1225; *see also Ruikka v. Colvin*, No. CV-12-3112, 2014 U.S. Dist. LEXIS 22252, at *11-*12 (E.D. Wa. Feb. 20, 2014).

As noted above, the ALJ discounted the seriousness of Plaintiff's mental health symptoms based on his failure to follow treatment recommendations without

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

seeking an explanation for that failure, as required under SSR 96-7p. This error, combined with the material new evidence outlined above, provides an ample basis for remand. On remand, the ALJ should develop the record concerning Plaintiff's apparent failure to follow treatment recommendations and reconsider the assessment of Plaintiff's mental health limitations in light of the opinions rendered by Dr. Johanson and Dr. Marks.

### 2.        Development of the Record Concerning Vision Impairment

The ALJ has an affirmative duty to develop the record even in cases where the claimant is represented by counsel. *See* 20 C.F.R. § 404.1512(e)(1); S.S.R. 96-5p,; *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.").

Here, the record documents the fact that Plaintiff is blind in his right eye. (T at 19, 614). The ALJ concluded that Plaintiff's lack of vision in his right eye was a severe impairment. (T at 13). The ALJ also noted Plaintiff's limited vision in his left eye (20/40). (T at 14, 19-21, 614). The ALJ solicited a medical source statement from Dr. Samuel Barloon, Plaintiff's treating ophthalmologist, which the doctor provided. (T at 625-27). Dr. Barloon opined that Plaintiff had no limitations as to lifting, carrying, standing, sitting or walking. (T at 625-26). He reported that

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

Plaintiff lacked depth perception, which made climbing difficult, but assessed no limitations as to balancing, kneeling, crouching, or crawling. (T at 626). The ALJ afforded Dr. Barloon's opinion "significant weight" and incorporated the climbing limitation into the RFC determination. (T at 16, 19).

The ALJ also considered the opinion of Dr. Guillermo Rubio, a non-examining State Agency review physician. (T at 20-21). Dr. Rubio found no exertional limitations (T at 600), but opined that Plaintiff should not frequently climb ramps or stairs and should never climb ladders, ropes, or scaffolds. (T at 601). He also concluded that Plaintiff should avoid concentrated exposure to hazards such as machinery and heights. (T at 603).

Plaintiff contends that the ALJ should have further developed the record concerning his vision problems, by (for example) seeking the testimony of a medical expert or ordering a consultative examination. However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the ALJ sought, obtained, and properly considered the opinion of Plaintiff's treating ophthalmologist, as well as the assessment of the medical review consultant. The record was not ambiguous

or inadequate with respect to Plaintiff's vision problems and this Court finds no error with regard to this aspect of the ALJ's decision.

### 3.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB

Here, the ALJ relied on the testimony of a vocational expert and determined that Plaintiff could perform the requirements of several occupations – janitor, small products assembler, and bakery worker. (T at 22).  However, the ALJ's hypothetical to the vocational expert posed only one mental health related limitation (namely, that the hypothetical claimant would be limited to occasional and superficial interaction with the public and not large crowds). (T at 60).  The new evidence indicates that Plaintiff has more severe limitations.  Dr. Johansen found marked limitations as to communicating and performing effectively in work settings with even limited public contact and maintaining appropriate behavior in a work setting. (T at 632).  Dr. Marks believed that Plaintiff would be "extremely uncomfortable and fearful" in unfamiliar environments and "likely to suffer panic attacks and an overwhelming urge to flee the situation." (T at 656).  This Court finds a reasonable possibility that the ALJ's step five analysis would have been different if these opinions had been considered and incorporated into the hypothetical presented to the vocational expert. On remand, the ALJ should consider what weight to assign these opinions, if any, and revise the RFC determination (and vocational expert hypothetical) accordingly.

**E.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

For the reasons outlined above, this Court finds that a remand is warranted for further development of the record and consideration of the new evidence submitted to the Appeals Council.

# IV. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 15**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 19**, is **DENIED**.

This case is **REMANDED** for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Decision and Order, provide copies to counsel, enter judgment in favor of the Plaintiff, and keep the file open for a period of sixty (60) days to allow Plaintiff's counsel to submit an application for attorneys' fees.

DATED this 5th day of May, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DIEGO v COLVIN 12-CV-00574-VEB